IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA       *
                               *
                               *
v.                             *   Civil Action No. WMN-10-3410
                               *
                               *
$67,775.00 IN U.S. CURRENCY    *
                               *
                               *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

                           **MEMORANDUM**

    Before the Court are two motions:  a motion to strike filed by the Government, ECF No. 7, and a motion to dismiss filed by Claimants, Fillipe James and Joseph Wilson, ECF No. 6.  These motions are ripe for review.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, that the Government's motion to strike will be granted, and that Claimants' motion to dismiss will be denied.

    This action arises from the seizure by the Maryland Transportation Authority Police of $67,775.00 in United States currency (the currency).  As set forth in the Verified Complaint, on June 30, 2010, Officer T. Davis stopped a silver Ford Taurus driven by Claimant Fillipe James.  James is the employee of Claimant Joseph Wilson, President of Lynchburg Imports, Inc.  After detecting the scent of burnt marijuana,

Officer Davis asked James to exit the vehicle.  James and his passenger, Nathaniel Reid, told conflicting stories regarding their destination, and Officer Davis conducted a probable cause search of the vehicle.  In the course of this search the officer discovered three bags containing the currency.

On December 3, 2010, the Government filed a complaint for forfeiture against the currency.  The Government sent copies of the complaint and a notice of forfeiture to Wilson's attorney on December 7, 2010.  The notice provided that any verified claim must be filed by January 11, 2011.  Well after that deadline, on January 25, 2011, Claimants filed an answer to the Government's complaint, ECF No. 5, and a motion to dismiss, ECF No. 6, arguing that the Government lacks sufficient evidence for forfeiture.

On February 9, 2011, the Government filed the instant motion to strike Claimants' answer.  The Government argues that Claimants failed to comply with the procedural requirements of Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules).  Specifically, the Government argues that Claimants failed to file a timely claim prior to filing an answer and, consequently, they lack statutory standing.  Claimants filed no response to

the Government's motion to strike, and the time for so doing has long passed.

Supplemental Rule G(5) provides that an individual may contest a forfeiture initially by filing a verified claim. Fed. R. Civ. P. Supp. Admr. G(5)(a)(i). A claimant must then file an answer to the Government's complaint within 21 days after filing the claim, as required by Rule G(5)(b). Rule G(8)(c) provides that the Government may move to strike a claim or answer at any time for failure to comply with Rule G(5) or for a lack of standing.[1]

The verified claim is the most significant requirement in Rule G(5). United States v. $487,825.00 in United States Currency, 484 F.3d 662, 664 (3d Cir. 2007). A verified claim ensures that all potential claimants come forward quickly and reduces the danger of false claims. Id. at 664-65. The failure to file a claim results in a lack of statutory standing to contest the forfeiture. United States v. 8136 Dobson Street, 125 F.3d 1076, 1082 (7th Cir. 1997).

A review of the docket in this action reveals that no timely claim was successfully filed. It appears that Claimants may have attempted to satisfy the requirements of a verified claim through a pleading filed on January 6, 2011. See ECF No.

---

[1] A motion to strike must be decided before a claimant's motion to dismiss. F. R. Civ. P. Supp. Admr. Rule G(8)(c)(ii).

3

4 ("Court only" document marked "FILED IN ERROR"). This pleading, while captioned as an "Answer," indicated in its body that it was a "verified claim," and attached to it was an affidavit of Claimant Joseph Wilson. Nonetheless, Claimants have not opposed the Government's motion to strike premised on Claimants' failure to file a claim. Moreover, the Government's motion is supported by a wealth of precedent strictly interpreting the requirements set out in the Supplemental Rules for claims to forfeited property, ECF No. 7 at 3-5 (citing, inter alia, United States v. $25,790, 2010 WL 2671754 (D. Md. Jul. 2, 2010)), and Claimants' failure to oppose the Government's motion leave that authority effectively unchallenged. For want of any opposition, the Court must grant the Government's motion to strike due to Claimants' failure to file a verified claim and the resulting lack of statutory standing.

Furthermore, as Claimants have no statutory standing to contest the forfeiture, the Court will deny Claimants' motion to dismiss. In addition, the currency will be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), and all right, title and interest to the currency will be condemned, forfeited and vested in the United States and shall be disposed of by law. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: April 21, 2011.