IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA *

 *

v. * Civil Action No. WMN-10-3410

 *

$67,775.00 IN U.S. CURRENCY *

 *

 *

 * * * * * * * * * * * * * * *

**MEMORANDUM**

Before the Court is Claimants' Motion for Reconsideration of Order Granting Motion to Strike. ECF No. 11. The Government has responded to this motion and Claimants have replied. Upon a review of the papers and applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion to reconsider will be granted.

This action arises from the seizure of $67,775.00 in United States currency ("the currency"). On June 30, 2010, Claimant Fillipe James was stopped by Officer T. Davis of the Maryland Transportation Authority Police for speeding and following too closely. Officer Davis stated that he detected the odor of burnt marijuana and asked James and James' passenger to exit the vehicle. Receiving conflicting stories regarding the purpose of the drive, Officer Davis conducted a search of the vehicle. Four bags were found in the trunk; one contained an unopened box of laundry detergent and the others contained the currency.

Claimant James explained that the currency was not his, but rather belonged to his boss, Joseph Wilson. Wilson is President of Lynchburg Imports, Inc., a company that sells vehicles for cash or loan. James told police that the currency was going to be used to purchase vehicles at the Manheim Auto Auction in Lancaster, Pennsylvania. Claimant Wilson confirmed the currency was his property and that his employee was authorized to carry it for use at the auction. It is worth noting that no marijuana or other drugs were found in the vehicle.

Subsequent to the seizure of the currency, Claimant Wilson filed an administrative claim with the Drug Enforcement Agency (DEA). This claim was accepted on October 1, 2010, and the matter was transferred to the United States Attorney's office. The Government then filed a verified complaint for forfeiture of the currency on December 3, 2010. In that complaint, the Government argues that the currency was involved in violations of the Controlled Substances Act and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). ECF No. 1. Copies of the Government's complaint and a notice of forfeiture were sent to Claimant Wilson on December 7, 2010. The notice stated that a verified claim must be filed by January 11, 2011 and an answer filed within 20 days after the filing of the verified claim. ECF No. 7.

As this Court noted in its previous memorandum, "[i]t appears that Claimants may have attempted to satisfy the requirements of a verified claim" on January 6, 2011. ECF No. 9. A document Claimants filed with the Court on that date was captioned as an "Answer" but indicated in its body that it was a "verified claim pursuant to Rule G(5)(a)" and had attached to it the affidavit of Claimant Wilson. ECF No. 4 ("Court only" document marked "FILED IN ERROR"). On January 25, 2011, Claimants filed an answer, ECF No. 5, and a motion to dismiss, ECF No. 6, which argues that the Government lacks sufficient evidence for forfeiture.

The Government filed its motion to strike Claimants' answer on February 9, 2011, arguing that Claimants failed to file a verified claim and thus lacked statutory standing to contest the forfeiture. ECF No. 7. The Government's motion made no mention of the January 6 document. Claimants filed no response to the motion to strike and this Court, inferring from the lack of opposition an intention on the part of the Claimants to abandon their claim to the currency, granted it "for want of any opposition." ECF No. 9 at 4.

On May 12, 2011, Claimants filed this motion to reconsider, confirming that the January 6 document was their attempt to file a verified claim. ECF No. 11. With regard to the failure to oppose, Claimants assert that a "computer glitch" prevented

Claimants' attorney from receiving the Government's motion to strike, which was only served electronically. Without knowledge of the motion to strike, Claimants were unaware that the January 6 document had not been accepted by the Government as a verified claim. Upon inquiring with the Court and learning about this Court's Order, Claimants promptly filed the instant motion.

The Government has filed an opposition to the motion to reconsider, arguing that any response by Claimants to the motion to strike would not have corrected the initial failure to file a verified claim. ECF No. 13. Again ignoring the January 6 document and rebutting an argument not made by Claimants, the Government's opposition focuses on the administrative claim filed by Claimants on October 1, 2010, rightly stating that it is distinct from a claim in the judicial action. Id. at 5. The issue, however, is not whether the administrative claim can substitute for a judicial claim, but is whether the January 6 document sufficiently made claim to the currency, such that deeming it a verified claim would not undermine the purpose behind the Supplemental Rules.

The verified claim is the most significant requirement in Rule G(5) because it ensures that all potential claimants come forward quickly and reduces the danger of false claims. United States v. $487,825.00 in United States Currency, 484 F.3d 662, 664-65 (3rd Cir. 2007). Failure to timely file a claim results

in a lack of statutory standing to contest the forfeiture.

United States v. $12,126.00 in United States Currency, 337 F.

App'x 818, 820 (11th Cir. 2009).  Forfeiture, on the other hand,

has been called "a harsh but effective civil penalty."  U.S. v.

U.S. Currency in the amount of $103,387.27, 863 F.2d 555, 561

(7th Cir. 1988).  If a verified answer contains all the elements

of a claim, "the answer may be deemed to have fulfilled the

function of a claim in terms of establishing the owner's

standing." United States v. One Urban Lot Located at 1 St. A-1,

Valparaiso, Bayamon, Puerto Rico, 885 F.2d 994, 999 (1st Cir.

1989).  To be sure, not every filing prior to January 11 would

suffice, so the January 6 document that was titled "Answer" must

be evaluated against the elements of a verified claim.

A verified claim contesting forfeiture must accomplish the

following: 1) identify the specific property claimed, 2)

identify the claimant and state the claimant's interest in the

property, 3) be signed by the claimant under penalty of perjury,

and 4) be served on the government's attorney.  Fed. R. Civ. P.

Supp. Admr. G(5)(a).  The affidavit of Claimant Wilson attached

to the January 6 document clearly references "$68,500.00 in

cash" that is "the property of Lynchburg Imports, Inc. and in

Mr. James' possession . . . on lawful business."  ECF No. 4.

This is not a claim to money in general, but rather a specific

amount that is very close to the amount at issue here.  Claimant

Wilson is also specific about his business interest in the currency and the role played by Claimant James in that business. Finally, the affidavit was signed by Claimant Wilson under penalty of perjury and sent to the Government's attorney, all prior to the January 11 deadline. The January 6 document titled "Answer" by Claimants meets all the requirements for a verified claim.

Thus, the Court finds that Claimants' January 6 filing, while imperfect, advised the Government and this Court that Claimants had an interest in the currency. A technical misstep should not activate the harsh penalty of forfeiture "where the claimants have made a good-faith effort to file a claim and where the government can show absolutely no prejudice." U.S. Currency in the amount of $103,387.27, 863 F.2d at 563. The Government has put forth no evidence showing prejudice.

Once the document filed on January 6 is deemed a verified claim, then the answer on January 25 was timely filed. As such, "the goals underlying the time restrictions and the verification requirement are not thwarted." United States v. 1982 Yukon Delta Houseboat, 774 F.2d 1432, 1436 (9th Cir. 1985). Therefore, it is within this Court's discretion to simply amend the heading of the January 6 document from "Answer" to "Verified Claim" and allow this case to proceed on its merits. This amendment does not frustrate the purpose of Rule G(5), as the

Government is now readily aware that Claimants have an interest in the currency and that interest is stated under oath.

That Court notes that, had Claimants come forward initially to defend the January 6 document, it would have denied the motion to strike.  This Court, however, had no obligation to "review the filings of a potential claimant in order to notify the claimant of any defects in its filings." <u>United States v. U.S. Currency in the amount of $103,387.27</u>, 863 F.2d 555, 562-63 (7th Cir. 1988).  To hold otherwise would place the attorneys' burden on this Court and replace discretion with intervention. Once aware of this Court's ruling, however, Claimants promptly and adequately explained their prior failure to respond.

For the reasons stated above, the Claimants' Motion for Reconsideration of Order Granting Motion to Strike is GRANTED. A separate order consistent with this memorandum will be issued.


_____/s/_____
William M. Nickerson
Senior United States District Judge


DATED: October 5, 2011.