IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA      *
                              *
v.                            *      Civil Action No. WMN-10-3410
                              *
$67,775.00 IN U.S. CURRENCY   *
                              *
                              *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Before the Court are three motions: a motion filed by Claimant Lynchburg Imports, Inc. (Lynchburg Imports) for reconsideration of this Court's January 11, 2012, Order, ECF No. 30; a motion for summary judgment filed by the United States, ECF No. 33; and a motion for summary judgment filed by Claimant Lynchburg Imports, Inc., ECF No. 35.  All motions are fully briefed.  Upon a review of the filings and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that each of the motions will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of the June 30, 2010, seizure of $67,775.00 in United States currency ("the currency").  The currency was discovered during the course of a traffic stop conducted by Officer T. Davis of the Maryland Transportation Authority Police.  Officer Davis states that he pulled over a Silver Ford Taurus with Virginia registration for speeding and

following too closely.  The vehicle was being driven by Fillipe James, who carried a Virginia driver's license, and there was one passenger, Nathaniel Reed.  Officer Davis stated that he detected the odor of burnt marijuana and asked James and Reed to exit the vehicle.

Officer Davis interviewed both individuals separately and James and Reid gave conflicting stories.  James stated that they were coming from Virginia and traveling to an auto auction in Pennsylvania.  He indicated that they were going to stay in Pennsylvania overnight and return to Virginia the next day. Reid stated that they were just out "cruising," and while he was unable to identify their precise destination, he mentioned that they might go to a mall up the highway.  He also stated that they had spent the previous night at his aunt's house in Landover, Maryland.

Having received conflicting stories regarding the purpose of the drive, Officer Davis conducted a search of the vehicle. Four bags were found in the trunk; one contained an unopened box of laundry detergent and the others contained the currency.  The currency was in bundles held together by rubber bands.  Officer Davis asked James to whom the money belonged, and James explained that it belonged to his boss and that he was transporting it on his behalf.

James and Reid were taken to the police station and interviewed further.  James gave an explanation for the trip and the currency consistent with the explanation he gave when stopped by Officer Davis.  He stated that he and Reid left Lynchburg, Virginia that morning and were heading to the Manheim Auction in Lancaster, Pennsylvania where he would meet his boss, Joe Wilson.  He stated that Wilson directed him to bring the currency to the auction.  At the auction, Wilson would purchase vehicles for his used car business, Lynchburg Imports, and he and Reid would drive vehicles back to Lynchburg.  Reid's explanation was also generally consistent with the story he gave earlier, that they had stayed in Landover, Maryland, the night before, were heading to a mall and then back to Virginia.  He denied that they were going to any auto auction.

The next week, on July 7, 2010, Christopher Lamb, a Task Force Officer for the Drug Enforcement Agency, contacted Joe Wilson by telephone.  Wilson's account was generally consistent with the story provided by James.  Wilson stated that the currency was his, that he had given it to James on June 30, 2010, to be used at the Manheim Auction to purchase vehicles for Lynchburg Imports.  Wilson told the police that he was unable to provide any proof of the transaction because he had removed the currency from a safe in his home.  He was also unable to explain why cash was needed instead of his purchasing vehicles by other

3

means or why James was entrusted to carry the money instead of Wilson simply transporting it himself.  Wilson stated he did not know Reid.

Believing that the circumstances surrounding the seizure of the currency supported a reasonable belief that it was the proceeds of or was intended to be used for the purchase of illegal drugs, the government filed this action for forfeiture on or about December 3, 2010.  The government sent copies of the Complaint and Notice of Forfeiture to Wilson's attorney on December 7, 2011, and since receiving that notice, Wilson's attorney has tried, mostly unsuccessfully, to navigate the forfeiture procedures and establish a claim on behalf of Lynchburg Imports.

In an April 21, 2011, Memorandum, ECF No. 9, this Court granted the government's motion to strike an "answer" filed on behalf of James and Reid as claimants.  The Court noted that counsel appeared to have mislabeled a claim as an answer but because counsel failed to respond to the Government's motion to strike that pleading, the Court had no means to confirm that this was the case.  After the Court granted the motion to strike, Wilson's counsel then filed a motion for reconsideration, representing that the pleading captioned as an "answer" was indeed intended to be a "claim" and that a computer glitch prevented him from receiving the government's motion to

strike.  The Court granted the motion for reconsideration.  ECF
No. 15 & 16.

In the order granting the motion for reconsideration, ECF
No. 16, the Court deemed a motion to dismiss previously filed by
Wilson's counsel as being filed as of the date of that order,
providing the government the opportunity to oppose the motion.
Before opposing the motion to dismiss, however, the Government
filed a "Motion to Compel Claimant(s) to Perfect Their Claim and
to Provide a More Definite Answer."  ECF No. 18.  In that
motion, the government noted that, because the claim was
purported to have been filed on behalf of "Fillipe James and
Joseph Wilson of Lynchburg Imports, Inc.," the Government was
left to guess whether it was one of the individuals or the
corporation that was the actual claimant.  Id. at 2.

The government also noted in its motion that the claimants
offered an insufficient response to the allegations in the
Verified Complaint.  Id. at 4-6.  Instead of responding
individually to each of the factual allegations in the
Declaration of Officer Lamb that was incorporated by reference
into the Verified Complaint, Claimants simply made a blanket
denial of all facts alleged.  The government explained why that
blanket denial fails to comply with the requirements of the
Federal Rules:

The Government numbered the factual allegations in
the law enforcement agent's Declaration in this case
for a specific reason: to provide a convenient means
for the claimant(s) to admit or deny each one
separately in their answer.  Indeed, the Government
was required to do so.  See United States v. Real
Property Located at 4433 Colburn Culver Road, 2011 WL
4505355, *4 (D. Idaho Sept. 28, 2011) (requiring the
Government to amend its complaint in accordance with
Rule 10(b) so that the incorporated affidavit of a
law enforcement agent contained numbered paragraphs to
which the claimant could separately respond).  If the
Government is required to abide by that rule, then
conversely the claimant must comply with its
counterpart: if the Government sets forth the factual
allegations in the complaint in a series of enumerated
short and plain factual statements as the Government
did here, the claimant must respond by admitting or
denying each one.

Id. at 5-6.

After filing the motion to compel, on October 27, 2011, the
Government filed an opposition to the motion to dismiss filed by
James and Wilson, arguing that the Declaration of Officer Lamb
submitted with the Verified Complaint was more than sufficient
to create a reasonable belief that the Government would be able
to establish at trial that the seized currency was derived from,
or was intended to be used to commit, a drug offense.  The
Government also repeated in its opposition to the motion to
dismiss that the claim's indefiniteness as to the identity of
the claimant raises uncertainty as to which of the possible
claimants would have standing to contest the forfeiture.

On November 2, 2011, a few days after the Government filed
its opposition to the motion to dismiss, James and Wilson filed

an Answer with the same blanket denial of the allegations in the Verified Complaint.  Attached to the answer was an affidavit signed by Wilson that was identical to the affidavit previously filed with what the Court has deemed Claimants' Claim, except that the new affidavit identified Wilson as the "Sole Shareholder and President" of Lynchburg Imports, instead of simply "President" of Lynchburg Imports.  Compare ECF No. 4-1 with ECF No. 22-1.  While James and Wilson filed this Answer, they filed no response to the Government's motion to compel and for a more definite statement.

On November 28, 2011, this Court issued a letter order denying the motion to dismiss filed by James and Wilson as premature.  In that letter order, the Court also granted the Government's motion to compel and for a more definite statement, noting the failure to clearly identify the actual claimant.  The Court went on, however, to hold that the Answer filed by James and Wilson "offers an insufficient blanket denial of the facts alleged in the forfeiture complaint" and stated it was granting the Government's unopposed motion "for all of the reasons stated" in that motion.  ECF No. 23.  The Court ordered "Claimants to file, within 14 days of this date, a verified claim and an answer that fully comply with the requirements of Supplemental Rule G and Rule 8(b) of the Federal Rules of Civil Procedure."  Id.

On December 8, 2011, James and Wilson filed an "Amended Answer" which again contained a blanket denial of the allegations in the Verified Complaint, and resubmitted the exact same affidavit that they submitted on November 2, 2011.  Compare ECF No. 22-1 with ECF No. 24-1.  Noting that James and Wilson had once again failed to specifically admit or deny the allegations in the numbered paragraphs of Officer Lamb's Declaration, the Government moved for an order finding that the allegations in the Verified Complaint be admitted.  ECF No. 26.  On January 4, 2012, after James and Wilson failed to respond to that motion within the time permitted under the Local Rules, the Government filed a "Motion for Ruling on Pending Motion by Default," noting their failure to oppose the Government's previous motion.  ECF No. 28.  On January 11, 2012, after that last motion was pending for a week without any response, the Court granted the Government's motion and held that "all 52 allegations in the Declaration of Officer Lamb that were incorporated in the Verified Complaint are admitted for purposes of this litigation."  ECF No. 29.

Lynchburg Imports[1] then filed a motion for reconsideration of this Court's January 11, 2012, Order on January 19, 2012.

_____

[1] This is the first pleading that actually identifies Lynchburg Imports as the Claimant.  Also of note, while in the body of the pleadings James, Wilson, and now Lynchburg Imports refer to themselves as "Claimants," they typically have captioned their

ECF No. 30.  While that motion was pending, the Government filed
a motion for summary judgment, arguing that based on the now
admitted facts in officer Lamb's Declaration, no reasonable jury
could fail to find that the Government has met its burden of
proof regarding the connection of the currency with drug
trafficking.  Lynchburg Imports then filed a motion for summary
judgment contending that the Government has failed to
demonstrate any nexus between the currency and criminal
activity.  Instead of opposing that motion, the Government
responded that it was not required to address the merits of
Lynchburg Imports' motion until Lynchburg Imports has
established its standing to challenge the forfeiture.  ECF No.
39.

## II. DISCUSSION

### A. Motion for Reconsideration

Remarkably, in light of the history of this litigation
recited above, Lynchburg Imports' counsel submits that he is
"unaware of any authority for the proposition that a complaint
which claims to incorporate by reference an attached exhibit
thereby necessitates a response to each paragraph of that
attached exhibit in addition to each numbered paragraph in the

---

pleadings as the pleadings of "Defendant(s)."  See, e.g., ECF
No. 22, 31.  In a forfeiture action, of course, the seized
property is the defendant, those asserting claims on that
property are claimants.

complaint itself." ECF No. 30 at 2. He maintains that he was
"under the impression that proper identification of the Claimant
was the sole deficiency of the previous Amended Answer."
Counsel provides no explanation as to why he did not oppose the
Government's motion for an order finding the allegations in the
Complaint to be admitted. With this last motion for
reconsideration, however, he did file a Proposed Second Amended
Answer that finally addressed each of the allegations in Officer
Lamb's Declaration individually. ECF No. 31.

While the Court understands that negotiating the procedural
aspects of forfeiture actions might pose some unique challenges,
the Court must deny the motion for reconsideration. The
Government's motion for a more definite statement which was
filed back in October 2011 clearly spelled out the requirement
that claimants must respond to the numbered allegations in the
law enforcement agent's declaration and provided authority for
that position. ECF No. 18 at 5-6 (citing United States v. Real
Property Located at 4433 Colburn Culver Road, 2011 WL 4505355,
*4 (D. Idaho Sept. 28, 2011)). Claimants failed to oppose that
motion and the Court granted it, for "all the reasons stated in
the Government's motion." The Court also specifically
referenced Claimant's "insufficient blanket denial of the facts
alleged in the forfeiture complaint." ECF No. 23 at 1. When

given the opportunity to correct that insufficiency, Claimants

simply repeated the same blanket denials.

### B. Motions for Summary Judgment

The Court will also deny both motions for summary judgment.

As the Court observed in its November 28, 2011, Letter Order:

> the record, even as imperfectly developed, indicates
> that there is a genuine dispute concerning the merits
> of the government's forfeiture claim.  The government
> offers strong circumstantial evidence that the
> currency seized was the proceeds of, or was intended
> to be used to commit, a drug offence.  While
> proffering meager evidential support, Claimants make
> an arguably plausible case that the currency was to be
> used to purchase vehicles at an auction.

The Government contends, based upon the Court's ruling that all

of the allegations in Officer Lamb's Declaration are admitted,

that it is now entitled to summary judgment.

Those admissions by default, however, are not sufficient to

entitle the Government to judgment.  Most of those admissions

are consistent with James', Wilson's, and Lynchburg Imports'

contentions throughout this litigation.  James' explanation for

the currency given during the traffic stop and at the police

station is consistent with Wilson's explanation to Officer Lamb

and that explanation remains their contention in this litigation

– the money was to be used to purchase vehicles at a

Pennsylvania auto auction.  That Reid, with whom Lynchburg

Imports asserts it has no connection, told a different story

11

certainly undermines that explanation, but his version of events is not proof that James and Wilson are lying.

In addition to relying on the admissions by default, the Government relies heavily on decisions that stand for the proposition that "a self-serving affidavit denying knowledge of the crime giving rise to the forfeiture is not enough" to hold off summary judgment.  ECF No. 38 at 5-6 (collecting cases). Here, however, Lynchburg Imports has more than just Wilson's admittedly sparse affidavit, it has the entirely consistent statements of James given at the time of the seizure.  That is sufficient to create a genuine issue of material fact.

As to Lynchburg Imports' motion for summary judgment, the Government is correct that it need not respond at all to the merits of the motion without first being permitted to challenge Lynchburg Imports' standing to contest the forfeiture.  Under Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, "[t]he government may serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed" and the Government need not respond to any dispositive motion filed by the claimant until 21 days after the claimant has answered these interrogatories.  Supplemental Rule G(6)(c). After receiving the answers to these interrogatories, the

Government is permitted to challenge the claimants' standing by filing a motion or by requesting an evidentiary hearing, at which the claimant must establish standing by a preponderance of the evidence.  Supplemental Rule G(8)(c).  Only after the Court addresses any challenge to standing can it address a claimant's motion.  Supplemental Rule G(8)(c)(ii)(A).

Lynchburg Imports' motion will be denied as premature. Furthermore, the Government shall serve Lynchburg Imports with special interrogatories related to its standing to challenge this forfeiture within 21 days of the date of this Memorandum and Order.

Accordingly, it is this 24th day of May, 2012, by the United States District Court for the District of Maryland, ORDERED:

1) That Lynchburg Imports Inc.'s motion for reconsideration, ECF No. 30, is DENIED;

2) That the motion for summary judgment filed by the United States, ECF No. 33, is DENIED;

3) That the motion for summary judgment filed by Lynchburg Imports, Inc., ECF No. 35, is DENIED AS PREMATURE;

4) That the United States shall serve its special interrogatories pursuant to Supplemental Rule G within 21 days of the date of this Memorandum and Order; and

5) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge