```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


UNITED STATES OF AMERICA      *
                              *
v.                            *   Civil Action No. WMN-10-3410
                              *
$67,775.00 IN U.S. CURRENCY   *
                              *
                              *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

### MEMORANDUM AND ORDER

Before the Court is Claimant Lynchburg Imports, Inc.'s[1] Motion for Leave to File a Third Amended Answer. ECF No. 51. The Government opposed the motion. While not without some reservation, the Court will grant the motion.

As this Court has previously observed, Claimant's counsel "has tried, mostly unsuccessfully, to navigate the forfeiture procedures and establish a claim on behalf of Lynchburg Imports." ECF No. 42 at 4; see also id. at 4-8 (detailing the procedural history of this action) and ECF No. 29 at 1-4 (same). As a result of its failure to timely and appropriately respond to the Verified Complaint, the Court has already held that all allegations incorporated in the Verified Complaint are admitted for purposes of this litigation. ECF No. 29 at 5. In a letter order dated January 28, 2013, the Court opined that Claimant had

---

[1] Claimant has previously referred to itself as "Lynchburg Imports, Inc." In what the Court assumes is simply a clerical error, in this motion, Claimant refers to itself as "Lynchburg Auctions, Inc."

also waived the "innocent owner" defense by failure to plead that defense in its Answer. ECF No. 49 at 1.

Claimant's Motion for Leave to File a Third Amended Answer is, in essence, a request that the Court reconsider its determination that Claimant has waived this defense. The only substantive difference between the Second Amended Answer and the proposed Third Amended Answer is the inclusion of an explicit invocation of the innocent owner defense in the latter. See ECF No. 51-1 at 9 ("Claimant further states that it is an innocent owner of the Defendant Currency as defined under 18 U.S.C. § 983(d)."). [2] Claimant argues that, while the previously filed answers may have never specifically asserted this defense, the facts asserted in those answers indicate that Claimant was claiming that it had no knowledge of the alleged narcotics activity. See ECF No. 4-1.[3] These asserted facts, according to

---

[2] The proposed Third Amended Answer also contains denials of many of the allegations in the Verified Complaint. Those denials will have no effect as the Court will continue to treat those allegations as admitted for purposes of this litigation pursuant to its previous ruling.

[3] The "innocent owner" defense is an affirmative defense to be proven by the owner-claimant. It permits an owner to "avoid forfeiture by establishing [by a preponderance of the evidence] either that he had no knowledge of the narcotics activity or, if he had knowledge, that he did not consent to it." United States v. 141st Street Corp. by Hersh, 911 F.2d 870, 878 (2d Cir. 1990).

Claimant, present "the very picture of an innocent owner under [the Civil Asset Reform Act]." ECF No. 51 at 2.

Upon further review of the previously filed answers, the Court must agree. While repeatedly failing to respond to the Verified Complaint in the proper form, the Government was made aware, since the beginning of this litigation, of the nature of Lynchburg Import's defense. Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely allow an amendment to a pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). In this instance, the Court finds that justice requires that the Court permit Claimant to explicitly assert what it has inexplicitly asserted throughout this litigation.

Accordingly, it is this 4th day of April, 2013, by the United States District Court for the District of Maryland, ORDERED:

1) That Lynchburg Imports Inc.'s Motion for Leave to File a Third Amended Answer, ECF No. 51, is GRANTED;

2) That the Third Amended Answer is deemed filed as of the date of this Order; and

3) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                        _____/s/_____
                                        William M. Nickerson
                                        Senior United States District Judge