IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * Civil Action No. WMN-10-3410 |
| $67,775.00 IN U.S. CURRENCY | * |

**MEMORANDUM**

Before the Court is the Government's "Renewed Motion for Summary Judgment or in the Alternative to Compel Answers to Discovery Requests and for Extension of the Discovery Deadline." ECF No. 56. The motion is unopposed and the time for doing so has long expired. Upon consideration of the record before the Court, the motion will be granted and summary judgment will be entered in favor of the Government.

The factual background for this forfeiture action has been set forth by this Court in previous memoranda, ECF Nos. 15 and 42, and will not be repeated here. Although this case has been pending for more than two and one half years, little progress has been made due in large part to Claimant's counsel's failure to comply with the procedural requirements of a forfeiture action. See ECF No. 42 at 4-8 (detailing the procedural history of this action) and ECF No. 29 at 1-4 (same). As a result of Claimant's failure to timely and appropriately respond to the

Verified Complaint, the Court has already held that all allegations incorporated in the Verified Complaint are admitted for purposes of this litigation. ECF No. 29 at 5. In the pending motion, the Government asks that the Court deem as admitted its Requests for Admissions based upon Claimant's failure to respond to those Requests. Were the Court to deem those Requests as admitted, the Government would be entitled to summary judgment.

The Government served Claimant with interrogatories, requests for production of documents, and requests for admission on August 28, 2012. One of the requests for admission asked Claimant to admit "that the Defendant Currency cannot be traced to a legitimate source." Request No. 5 (ECF No. 56-2 at 13). Claimant filed a motion for summary judgment on September 14, 2012, and argued in that motion that it should not be required to respond to any discovery until its motion for summary judgment was decided. ECF No. 46 at 5. The Court denied Claimant's motion on January 28, 2013.

In denying that motion, the Court did not rule on that aspect of Claimant's motion regarding its discovery obligations. Nevertheless, on February 14, 2013, counsel for the Government contacted Claimant's counsel and stated that, assuming the pendency of the motion tolled the time by which Claimant had to respond to discovery, responses were due on or before March 4,

2013.  ECF No. 56-3.  After several promises made and broken that its responses were forthcoming, the Government sent a letter to Claimant's counsel on May 20, 2013, stating that, if discovery responses were not received within a week, the Government would file an appropriate motion.  ECF No. 56-6.  The Government filed the pending motion on June 17, 2013.  As noted above, Claimant has filed no response to the motion.

Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, a matter is deemed admitted if the party to whom the request for admission is directed does not respond or object within 30 days of being served with the request.  Accordingly, it can be deemed admitted that the Defendant Currency was not derived from a legitimate source.  With that admission, combined with the facts alleged in the Verified Complaint which the Court has also deemed admitted, the Government is clearly entitled to summary judgment on the forfeitability of the Defendant Currency.  See United States v. $31,400 in U.S. Currency, Civ. No. 10-1151, 2010 WL 5087867 at *2 (D.S.C. Dec. 7, 2010) (granting summary judgment based on claimant's failure to respond to request to admit that seized currency was drug proceeds).

A separate order granting the Government's motion for summary judgment will issue.

```
                         _____/s/_____
                         William M. Nickerson
                         Senior United States District Judge
```

DATED: September 3, 2013